**Everett V. COOPER, George Gale Cooper and Nathan Johnson, Appellants,**

v.

**UNITED STATES of America, Appellee.**

No. 15632.

United States Court of Appeals Fifth Circuit.

Dec. 16, 1955.

Rehearing Denied Jan. 23, 1956.

Paul P. Regnier, Weldon H. Berry, Scardino & Regnier, Houston, Tex., for appellants.

Malcolm R. Wilkey, U. S. Atty., C. Anthony Friloux, Jr., Asst. U. S. Atty., Houston, Tex., for appellee.

Before TUTTLE, CAMERON and JONES, Circuit Judges.

PER CURIAM.

The appellants, Everett V. Cooper, Nathan Johnson and George Gale Cooper, were convicted on an indictment charging them, along with a number of others, in one count with violating Section 371 of Title 18 U.S.C.A. by conspiring to acquire, transfer, and traffic in marijuana without registering, without paying the transfer tax, not in pursuance of a form issued by the Secretary of the Treasury and with knowledge that the marijuana had been smuggled into the United States. Everett V. Cooper and George Gale Cooper were also indicted on two other counts charging them, along with two others, with possession of marijuana upon which the transfer tax had not been paid in violation of 26 U.S.C.A. § 4744. Although appellants argue numerous points, we regard only one question worthy of discussion—whether the evidence supports the verdict of the jury,—finding no merit in the other errors alleged.

The record as a whole and with regard to all the defendants below reveals a conspiracy involving twenty or more persons in this country and in Mexico who were organized for the purpose of smuggling marijuana into the United States and selling it in the large market area of New York and elsewhere. The marijuana was brought from Mexico to the Cooper farm in Texas where it was processed, packaged and stored until it was transported to the East by air or automobile. The various defendants either acted as managers of the illegal operations or participated in one or more of the activities included in the conspiracy. The evidence establishing the scheme and the participation of the individual defendants was elicited primarily from federal narcotics agents or members of the conspiracy who were not indicted and who testified for the Government. The testimony of these witnesses was consistent and harmonious and painted a picture of a large and well organized narcotics ring.

We find overwhelming evidence to support the verdict of the jury that Everett V. Cooper was guilty of the conspiracy charge; in fact, it was shown that he held a position of leadership and authority in the "organization". With regard to his conviction on the count of the indictment charging possession of the marijuana in question, we find credible evidence of this appellant's dominion and control of that marijuana sufficient to support a verdict of guilty on these counts. Even though Everett was not on the Cooper farm at the time the marijuana was found there, and he said that he had not been on the farm for some months, the record shows that he was one of the owners of the farm and knew that the marijuana was being stored there, that he had participated in processing and packaging marijuana for shipment to the East, and that he had one of the few keys to the building on the farm in which the drug was being stored.

As to the jury's verdict against George Gale Cooper, although the evidence was largely circumstantial, there was enough to go to the jury and support its findings. George and another defendant, Ed Riley, were caretakers at the Cooper farm. Testimony by the narcotics agent who overheard a conversation between George Cooper and Riley clearly indicated that both of these men were aware of the illicit operations and knew of and controlled the marijuana while it was being stored. There was also evidence tending to show that this appellant was an active participant with some authority in the

conspiracy. We believe this evidence was sufficient to warrant the jury's verdict.

Finally, we find that the evidence connecting Nathan Johnson with the conspiracy is overwhelming and fully supports the verdict as to him. He helped to arrange and actually made sales of marijuana in New York for this narcotics ring.

Since we find no substance in the other alleged errors, further discussion is unnecessary and the judgment of the District Court is hereby

Affirmed.